NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

STEVEN TURKUS,                          :
                                        :
          Plaintiff,                    :        Civil No. 06-4218 (AET)
                                        :
          v.                            :        **MEMORANDUM AND ORDER**
                                        :
UTILITY MANUFACTURING                   :
CO., INC., et al.,                      :
                                        :
          Defendants.                   :
_____        :

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court on behalf of Defendants Utility Manufacturing Co.,

Inc., and Audie Kranz's Motion for Summary Judgment [24].  The Court has decided this motion

based upon the submissions and oral arguments of the parties on March 14, 2008.  For the

reasons stated below, Defendants' motion is denied.


### BACKGROUND

This dispute concerns the allegedly discriminatory and wrongful treatment Plaintiff

Steven Turkus received while employed by Defendants.  Plaintiff, a resident of New Jersey, is a

former employee of Utility Manufacturing Co., Inc., ("Utility"), a New York corporation with its

principal place of business in New York.  Utility is owned and operated by Audie Kranz

("Kranz"), and manufactures and sells chemical products to heating and plumbing industries.  On

1

December 7, 1998, Kranz hired Plaintiff as General Manager of the New York facility. Plaintiff's initial responsibilities included improvement of plant efficiency and quality assurance, purchasing, and personnel management.  During Plaintiff's six years of employment, his job responsibilities increased and he received annual raises, including one raise shortly before his termination.

Plaintiff was fifty-five years of age when he was hired in 1998.  In 2004, Plaintiff began to suffer health problems that required various medical procedures and, at times, absences from his employment. On March 25, 2005, Kranz terminated Plaintiff.  Plaintiff alleges that his termination was a result of age and disability discrimination.  Plaintiff claims that Kranz made numerous discriminatory statements to Plaintiff regarding his age, that Plaintiff was the only employee Kranz terminated at the time, and that Kranz hired a younger and less qualified replacement.

On July 21, 2006, Plaintiff filed a complaint against Defendants in the Superior Court of New Jersey, Hunterdon County.  On September 7, 2006, the action was removed to this Court.  On April 2, 2007, the Court granted Defendants' Motion to Dismiss.  However, the Court granted Plaintiff leave to amend his Complaint as to Count One, a claim alleging discrimination pursuant to the New Jersey Law Against Discrimination, to state a claim of discrimination under a different statute.  On June 1, 2007, Plaintiff filed his amended Complaint, alleging that Defendants have discriminated against him based on age or his disability in violation of New York Executive Law.  On January 23, 2008, Defendants filed the instant motion.  On March 14, 2008, the Court heard oral argument on the matter.

APPLICABLE LAW

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323; Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414 (3d Cir. 1999).  The moving party may cite to the pleadings, depositions, answers to interrogatories, and admissions on file, to demonstrate that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law.  Lawyers Title Ins. Corp. v. Philips Title Agency, 361 F. Supp. 2d 443, 446 (D.N.J. 2005).  "When the moving party has pointed to material facts tending to show there is no genuine issue for trial, the 'opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'"  Rossi v. Standard Roofing, Inc., 156 F.3d 452, 466 n.9 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

The standards for recovery under New York Executive Law, NY CLS Exec. § 290 et seq., are the same as the federal standards under Title VII of the Civil Rights Act of 1964.  See Cruz v. Coach Stores, Inc., 202 F.3d 560, 561 (2d Cir. 2000).  Therefore, in order to prevail on a claim for discrimination, Plaintiff must satisfy the three-step burden shifting inquiry articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  First, plaintiff has the initial burden of establishing a *prima facie* case of discrimination by showing that: (1) he is a member of a protected class, (2) he was qualified for the position, promotion, or employment benefit at issue, (3) and he suffered an adverse employment action.  Id.  If Plaintiff succeeds in making a

*prima facie* case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." Burdine, 450 U.S. at 225; McDonnell Douglas, 411 U.S. at 802.  Once the defendant has articulated a justification for the adverse action, the plaintiff must then show that the "legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).

DISCUSSION

Plaintiff claims that Defendants first told him that he was being terminated due to "restructuring."  (Turkus Aff. ¶ 22; Fraenkel Cert., Ex. B.)   However, Plaintiff asserts that no one else at Utility was fired during the restructuring, and in fact, three days later, on March 28, 2005, Harry Brix, an individual younger than Plaintiff, was hired as his replacement.  Plaintiff also claims that the alleged restructuring took place following Utility's most successful year, and one month after Plaintiff's last annual raise.

Additionally, Plaintiff argues that Kranz made numerous comments to him on a consistent basis after he disclosed his medical condition, that would constitute direct evidence of a discriminatory animus.  (Turkus Aff. ¶¶ 5-7.)  As an example, Plaintiff asserts that when he asked Kranz if he was terminated for either his age or his salary, that Kranz responded that Plaintiff was only "half right."  (Turkus Aff. ¶¶ 21, 22, 26; Fraenkel Cert., Ex. C.)  Further, Plaintiff states that four months after his termination, Defendants told him that he was fired because of four acts of insubordination and business infractions.  (Turkus Aff. ¶¶ 19, 21.)  In response, Defendants have provided evidence in the form of handwritten notes taken by Kranz,

detailing the alleged acts of insubordination and business misconduct.  However, Plaintiff states that he had never received a negative performance review, and that his first awareness of the alleged infractions was months after his termination.  (Id.)  Moreover, Kranz admitted that he failed to review these acts with Plaintiff, or tell him that he thought he had acted improperly or was insubordinate, and Kranz did not inform the unemployment office at Utility that Plaintiff had been terminated because of insubordination, rules violation, or misconduct.  (Turkus Aff. ¶ 23; Garb Cert., Ex. B.)

Defendants argue that there exists no genuine issue of material fact for trial, and that the Court should grant summary judgment in their favor.  While the acts of insubordination and business infractions are sufficient business justifications for a termination, the timing of Defendants asserting these reasons was problematic.  Moreover, the parties differ not only as to whether certain alleged remarks made by Kranz were actually said, but also whether the remarks are to be considered evidence of animus, or are merely stray remarks not constituting evidence of discrimination.  The significance of replacing Plaintiff with a younger employee, the weight to be accorded to Kranz's handwritten notes, the precise nature of Plaintiff's disability, and the credibility of Defendants' reasons offered for Plaintiff's termination, are genuine issues of material fact as yet unresolved.  Therefore, the Court finds that there are genuine issues of material fact that would preclude the granting of summary judgment in Defendants' favor at this time.

<u>CONCLUSION</u>

For the reasons given above, and for good cause shown,

5

It is on this 19th day of March 2008,

ORDERED that Defendants' Motion for Summary Judgment [24] is DENIED without prejudice.

_____s/ Anne E. Thompson_____
ANNE E. THOMPSON, U.S.D.J.
